## ROBINSON v. SCHMITT.

(Supreme Court, Appellate Division, First Department. May 7, 1897.)

TRUSTS—DEATH OF TRUSTEE.

Where an instrument creating a trust did not provide for the termination of the trust on the death of the trustee, the devisee of the trustee cannot be compelled to convey to a beneficiary, but the trust vests in the supreme court, and must be executed under its direction.

Appeal from judgment on report of referee.

Action by Fannie S. Robinson against Agnes M. Schmitt to compel a reconveyance of property. There was a judgment in favor of plaintiff, and defendant appeals. Reversed.

Argued before RUMSEY, WILLIAMS, O'BRIEN, INGRAHAM, and PARKER, JJ.

David Leventritt and Harold Nathan, for appellant.
John W. Weed, for respondent.

PARKER, J. William Kain died January 21, 1863, leaving, him‑ surviving, a widow and three children. By his last will and testament, he gave his household furniture, plate, jewels, and books to his wife, and the residue of his estate he devised and bequeathed to his three children, in equal proportions. It appears that prior to his death the testator regretted that he had not so devised his property as that his widow should have shared equally with each of his children, but thereafter there was no opportunity for him to make a new will. January 28, 1868, the plaintiff and the defendant conveyed to their mother one-third of their respective shares in the real estate devised to them by their father. A few days later, and on February 6, 1868, the plaintiff and defendant, by separate instruments, but each in the same form, conveyed to their mother, in trust, what remained of their interest in the real estate devised to them by their father. The mother accepted the trust, and continued to manage the property until her death in May, 1889. She left a will, by which she devised to the plaintiff and defendant, who were the children then living, all her real and personal estate. Afterwards, and about the 3d day of January, 1890, the plaintiff conveyed her right, title, and interest in and to the stores known as Nos. 363, 365, and 367 Greenwich street, and No. 181½ Franklin street, which is the property of which William Kain died seised, and which was by him devised, as we have described. While this conveyance was absolute on its face, the plain‑

tiff alleges that it was given to the defendant in trust upon assurances by the defendant that she would reconvey the property to the plaintiff whenever requested.    At the same time, but by separate instrument, the plaintiff transferred to the defendant certain personal property, which she alleges was upon a like trust.    This suit was brought for the purpose of obtaining a reconveyance of the real estate, an accounting by the defendant for the rents and income thereof, and also an accounting of the personal property and the income thereof.    The complaint also prayed that the trust created by the deeds of the plaintiff and defendant to their mother, dated February 6, 1868, be declared to have no legal or equitable effect on and after the death of their said mother.    The defendant, by her answer, admitted the making, execution, and delivery of the deed of January 3, 1890, and alleged that:

"The defendant is, and ever has been, anxious and desirous to account to the plaintiff, for the moneys received by her; and the defendant always has been, and is now, ready and willing to reconvey to the plaintiff whatever interest she may equitably have in said real estate, if any there may be, or make such other disposition of said real estate as to the court may deem proper."

As is apparent, therefore, from the pleadings, there was no controversy upon the trial as to the demand of the plaintiff that the defendant should reconvey to her such interest as was acquired by the deed of January 3, 1890, after providing for payment to the defendant of such sum of money, if any, as should be found to be justly due to her from the plaintiff.    The defendant contended, however, that the plaintiff did not convey to her an undivided one-half of the real estate in question, and that she could not be required to convey to the plaintiff any other or different interest than that which she acquired by the trust deed.    The learned referee before whom the case was tried decided "that, after the death of the mother, the parties hereto, plaintiff and defendant, were tenants in common in one-half of the estate; that the plaintiff, on the 3d of January, 1890, by an agreement absolute on its face, conveyed her interest of the estate to her sister, the defendant."    The provision from the judgment thus quoted seems to have proceeded upon the view that, by virtue of the last will and testament of the mother, the entire estate became vested in the two daughters, for in the report or opinion of the referee we find the following:

"That the parties hereto, by their father's will, had each a third of the estate, but conveyed the same to their mother in trust, the particulars of which need not be stated, as the mother, on her death, by will devised the entire estate equally to her two daughters."

This conclusion is not well founded, for the mother, as trustee, had no power of disposition of the trust estate by will, or otherwise.    By her will, the daughters became seised of such an interest in the real estate as the mother had individually acquired from her children, and nothing more.    If it were true that the parties became tenants in common of the estate upon the death of their mother, the mere giving of a wrong reason for it would not prevent an affirmance of the judgment.    But we are unable to find any other ground upon which such

determination can be predicated.    It is not pretended that the plaintiff and the defendant, or either of them, ever attempted to revoke the trusts, or took any steps in that direction; and, as the trust instruments do not provide for a determination of the trusts upon the death of the trustee, the trust estate became vested in the supreme court, which must cause the trusts to be executed by one of its officers under its direction.    It is quite likely that upon a retrial, which we find it necessary to order, the court may determine by its judgment to appoint an officer of the court to convey the trust estate to the parties entitled thereto, and, at the same time, to decree a settlement of the accounts of Elmira H. Kain as trustee for both the plaintiff and the defendant, as well as to pass upon the accounts of this defendant as trustee for the plaintiff under the instruments of January 3, 1890, and to decree a reconveyance of such an interest as the defendant acquired by virtue thereof.

As the judgment must be reversed, we do not deem it advisable to enter upon any discussion of the merits of the various items which are in dispute between the parties, as other evidence bearing upon those items may be presented upon a rehearing.

The judgment should be reversed, and a new trial granted, with costs to appellant to abide the event.    All concur.